OPINION
{¶ 1} Defendant-appellant, Delmar Whitesell, appeals his conviction and sentence in the Butler County Court of Common Pleas for one count of robbery. We affirm appellant's conviction and sentence.
 {¶ 2} In February 2005, a grand jury indicted appellant for one count of robbery in violation of R.C. 2911.02(A)(2), a second-degree felony. In March 2005, appellant pled guilty to that count. The common pleas court subsequently sentenced appellant to seven years in prison, and fined him $10,000. Appellant now appeals, assigning two errors. For ease of discussion, we first address appellant's second assignment of error regarding his guilty plea.
 {¶ 3} Assignment of Error No. 2:
 {¶ 4} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO COMPLY WITH CRIM.R. 11 IN ACCEPTING APPELLANT'S GUILTY PLEA."
 {¶ 5} In this assignment of error, appellant argues that the common pleas court did not comply with Crim.R. 11(C)(2)(a) in that it understated the maximum penalty appellant faced by pleading guilty. According to appellant, the common pleas court informed him that he was subject to a discretionary period of post-release control, rather than the mandatory period of post-release control to which he was actually subject. Appellant asks this court to vacate his plea.
 {¶ 6} Crim.R. 11(C)(2) provides as follows:
 {¶ 7} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 8} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 9} "(b) * * *.
 {¶ 10} "(c) * * *."
 {¶ 11} Post-release control is part of an offender's sentence. See R.C. 2929.14(F); Woods v. Telb,89 Ohio St.3d 504, 513, 2000-Ohio-171. Accordingly, post-release control is a penalty of which the court must inform an offender pursuant to Crim.R. 11(C)(2)(a) before accepting the offender's guilty plea. See State v. Prom, Butler App. No. CA20020-1-007,2003-Ohio-6543, at ¶ 26.
 {¶ 12} "When dealing * * * with the nonconstitutional warnings of Crim.R. 11(C)(2) — nature of the charge, maximum possible sentence, eligibility for probation or community control — the trial court need only `substantially comply' with the rule." State v. Yanez, 150 Ohio App.3d 510, 2002-Ohio-7076, ¶31, citing State v. Ballard (1981), 66 Ohio St.2d 473, 475. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v.Nero (1990), 56 Ohio St.3d 106, 108. "The test is whether an error the court committed so prejudiced the defendant that she would not have pled guilty had the error not been made." Prom
at ¶ 25, citing State v. Caplinger (1995), 105 Ohio App.3d 567.
 {¶ 13} At the plea hearing, the court correctly informed appellant that it could sentence him to as many as eight years in prison for the robbery conviction. The court also correctly informed appellant that it could order him to pay a fine as great as $15,000, in addition to other financial sanctions including restitution. Appellant stated that he understood the penalties associated with the robbery charge. He stated that he had read and signed a waiver form indicating his intent to plead guilty. Further, appellant stated that he discussed the form with his attorney, that she answered all his questions, and that he was satisfied with her representation of him. The form, which is in the record, correctly states that a defendant convicted of a second-degree felony is subject to three years of mandatory post-release control. See R.C. 2967.28(B)(2).
 {¶ 14} The common pleas court also orally informed appellant about post-release control in the following discussion at the plea hearing:
 {¶ 15} "Q. [The Court:] Upon your release from prison, you shall be subjected to a mandatory period of post-release control of five — strike that — three years. Let's paint the worst case scenario for you. The worst case scenario is you will be subject to a nonmandatory but potential five-year period of post release control. Now, with further research, it may turn out that is only three years, but let's assume for purposes of giving up your right to trial, the worst case scenario. Do you understand what I am saying to you, Mr. Whitesell?
 {¶ 16} "A. [Appellant:] Yes, I do, Your Honor.
 {¶ 17} "Q. [The Court:] You still want to change your plea to guilty under those circumstances?
 {¶ 18} "A. [Appellant:] Yes, sir.
 {¶ 19} "Q. [The Court:] Do you understand if you are sentenced to prison, upon your release from prison, you are placed under post-release control. If you violate the post-release control sanctions, the parole authority can require that you return to prison, serve additional time in prison up to one-half of your original sentence on one or more post-release control violations. Do you understand that?
 {¶ 20} "A. [Appellant:] Yes, Your Honor.
 {¶ 21} "Q. [The Court:] Furthermore, if and while you are on post-release control you commit a new felony offense, the sentencing court can sentence you to an additional one year in prison or the time remaining on post-release control, whichever is greater, as an additional consecutive sentence. Do you understand that?
 {¶ 22} "A. [Appellant:] Yes."
 {¶ 23} As appellant points out, the Ohio Supreme Court has stated that a "court's lack of notification about post-release control at the plea hearing could in some instances form a basis to vacate a plea[.]" State v. Jordan, 104 Ohio St.3d 21,2004-Ohio-6085, ¶ 28. However, we do not find that this case is one of those instances. Rather, we find that the common pleas court substantially complied with Crim.R. 11(C)(2)(a) in advising appellant of the "maximum penalty involved." In this case, the waiver form signed by appellant clearly indicated that appellant was subject to three years of mandatory post-release control. Appellant stated at the plea hearing that he had discussed the waiver form with his attorney, and that he was satisfied with his attorney's representation of him. The court did make conflicting statements at the plea hearing regarding whether appellant's post-release control was mandatory or discretionary. However, the court spoke at length about post-release control, and appellant was clearly aware before he pled guilty that post-release control could be imposed as part of his sentence.
 {¶ 24} Additionally, there is no indication in the record that appellant would not have pled guilty had he been more clearly informed about the mandatory nature of his post-release control. At no point did appellant file a motion to withdraw his plea. As we will discuss under appellant's first assignment of error, appellant was personally informed at the sentencing hearing that post-release control was mandatory for three years. Even now on appeal, appellant does not argue that he would have pled differently had he been more clearly informed at the plea hearing about post-release control. He simply argues that the common pleas court did not comply with Crim.R. 11(C)(2)(a).
 {¶ 25} The result we reach is consistent with our prior holding in State v. Scruggs (Apr. 30, 2001), Butler App. No. CA2000-05-094, 2001 WL 432731, in which we also found no error by the trial court in stating at the plea hearing that post-release control was discretionary rather than mandatory. Id. at *3. In that case, the defendant had signed a plea agreement clearly indicating that post-release control was mandatory and would be a part of his sentence. Id. The record showed that the defendant had discussed the agreement with his attorney before signing it. Id. Further, the defendant did not argue on appeal that he would have pled differently had he been more clearly formed of the mandatory nature of the post-release control ordered. Id.; see, also, State v. Amburgy, Franklin App. No. 04AP-1332,2006-Ohio-135, ¶ 18; and State v. Bach, Lucas App. No. L0-4-1326, 2005-Ohio-4173, ¶ 14 (both finding substantial compliance with Crim.R. 11[C] under similar circumstances).
 {¶ 26} We find this case distinguishable from Prom,2003-Ohio-6543, cited by appellant. In Prom, the defendant was incorrectly informed both at the plea hearing and in the waiver form that she would be subject to at least five years of mandatory post-release control. Id. at ¶ 28. Under the applicable Revised Code section, the defendant was not subject to a specific term of post-release control by statute, but rather, the terms of her restrictions following her release were committed to the sole discretion of the Adult Parole Authority. Id. at ¶ 19. In contrast to Prom, appellant was correctly informed about post-release control in the waiver form, which he discussed with his attorney and signed.
 {¶ 27} Accordingly, we find that the common pleas court substantially complied with Crim.R. 11(C)(2)(a) in informing appellant of the maximum penalty he faced by pleading guilty. Under the totality of the circumstances, appellant subjectively understood the implications of his plea and the rights he was waiving. We overrule appellant's second assignment of error.
 {¶ 28} Assignment of Error No. 1:
 {¶ 29} "THE TRIAL COURT ERRED IN DENYING APPELLANT DUE PROCESS IN FAILING TO NOTIFY APPELLANT THAT HE WOULD BE SUBJECT TO A MANDATORY AND STATUTORILY REQUIRED POST-RELEASE CONTROL TERM OF THREE YEARS."
 {¶ 30} In this assignment of error, appellant argues that the common pleas court did not properly notify him that post-release control was a mandatory part of his sentence. Appellant concedes that the court informed him orally at the sentencing hearing that he was subject to three years of mandatory post-release control. However, because the court's sentencing entry indicated that post-release control was discretionary up to three years, appellant argues that the court committed error. Appellant asks this court to vacate his sentence.
 {¶ 31} R.C. 2929.19(B)(3)(c) and (d) require a sentencing court, if it imposes a prison term on an offender, to notify the offender about post-release control under R.C. 2967.28. The Ohio Supreme Court has held as follows: "[W]hen sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence." Jordan, 2004-Ohio-6085, at ¶ 17. In Jordan, the court vacated the defendant's sentence because the trial court did not personally inform the defendant about post-release control at the sentencing hearing, though the court did inform the defendant in its sentencing entry. Id. at ¶ 27.
 {¶ 32} Because the common pleas court convicted appellant of a second-degree felony that was not a sex offense, he was subject to three years of mandatory post-release control. See R.C.2967.28(B)(2). As stated above, the common pleas court personally informed appellant about post-release control at his sentencing hearing. The court stated the following to appellant: "Upon your release from prison, you'll be subjected to a mandatory three-year period of post-release control." However, in the court's sentencing entry, the court stated that "post-release control is optional in this case up to a maximum of three (3) years[.]"
 {¶ 33} We find no violation of R.C. 2929.19(B)(3) or Jordan
in this case. Pursuant to R.C. 2929.19(B)(3) and Jordan, the common pleas court correctly informed appellant at the sentencing hearing that he would be subject to three years of mandatory post-release control. Further, the court incorporated notice of post-release control into its sentencing entry. The court did, in that entry, mistakenly indicate that appellant would be subject to post-release control "up to a maximum of three (3) years," rather than a mandatory three years. However, we find that mistake to be a clerical error. See State v. Baumgartner,148 Ohio App.3d 281, 2002-Ohio-3174, ¶ 18 (clerical error in sentencing entry that said defendant's sentence was "20 years in prison," rather than "20 years to life in prison" where defendant clearly informed at sentencing hearing of correct sentence). Pursuant to Crim.R. 36, we correct the common pleas court's clerical error and hereby modify the court's sentencing entry to reflect that appellant's three-year period of post-release control is mandatory. See State v. Brown, Preble App. No. CA2003-02-004, 2004-Ohio-424, ¶ 46 (modifying sentencing entry based on correction of clerical error).
 {¶ 34} Accordingly, we overrule appellant's first assignment of error. Appellant was sufficiently notified about post-release control at the time of his sentencing. We find no violation of due process, R.C. 2929.19(B)(3), or Jordan.
 {¶ 35} Judgment affirmed as modified.
Walsh and Bressler, JJ., concur.