OPINION
{¶ 1} Defendant-appellant, Cardale A. Goens, appeals his murder conviction in the Butler County Court of Common Pleas on the basis that his guilty plea was not knowingly, intelligently, and voluntarily given, and the prison sentence imposed was contrary to law. This matter is reversed and remanded as to sentencing only.
 {¶ 2} Appellant entered into a plea agreement with the state of Ohio, in which he agreed to plead guilty to the reduced charge of murder with a firearm specification, and to the offenses of tampering with evidence and gross abuse of a corpse. In exchange for the guilty pleas, the state requested and the trial court agreed to dismiss a death penalty specification. After appellant pled guilty, the trial court subsequently sentenced appellant to prison, which included discretionary consecutive terms. Appellant now appeals, presenting two assignments of error for review.
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "THE TRIAL COURT ERRED BY ACCEPTING THE APPELLANT'S PLEA OF GUILTY."
 {¶ 5} Appellant specifically claims that his plea was not knowingly, intelligently, and voluntarily made because the record will show that he was not informed about nor did he understand the nature of the charges against him.
 {¶ 6} Due process requires that a guilty plea be made knowingly, intelligently, and voluntarily. State v. Engle,74 Ohio St.3d 525, 527, 1996-Ohio-179. To ensure that a plea is made knowingly, intelligently, and voluntarily, a trial court must engage in oral dialogue with the defendant in accordance with Crim.R. 11(C). See State v. Gossard, Montgomery App. No. 19494, 2003-Ohio-3770, ¶ 6; see Engle at 527.
 {¶ 7} As pertinent to the facts of this case, Crim.R. 11(C)(2) states, in part, that a trial court shall not accept a guilty plea without first addressing the defendant personally and doing the following: Determining that the defendant is making the plea voluntarily, with an understanding of the nature of the charges. Crim.R. 11(C)(2)(a).
 {¶ 8} Appellant's challenge to his guilty plea concerns a nonconstitutional issue of whether the trial court complied with Crim.R. 11(C)(2)(a) by determining that defendant understood the nature of the charges against him. State v. Whitesell, Butler App. No. CA2005-04-100, 2006-Ohio-1781, ¶ 12; State v. Lima,
Franklin App. No. 01AP-774, 2002-Ohio-1919; see State v.Francis, 104 Ohio St.3d 490, 494, 2004-Ohio-6894, ¶ 45 (Crim.R. 11[C][2] lists specific matters of which the trial court is to inform the defendant, including the nonconstitutionally based matters, such as nature of the charges and the maximum penalty involved, and constitutional rights being waived, such as trial by jury and confrontation of witnesses).
 {¶ 9} The standard for the trial court's responsibility to inform the defendant of this portion of Crim.R. 11(C) is "substantial compliance." See State v. Nero (1990),56 Ohio St.3d 106, 107-108; Whitesell at ¶ 12; State v. Watson,
Cuyahoga App. No. 82582, 2003-Ohio-5815, ¶ 21-22. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Nero at 108.
 {¶ 10} The trial court need not advise the defendant of the elements of the crimes; rather, it is sufficient if the totality of the circumstances warrant the trial court in making a determination the defendant understands the charges. State v.Rainey (1992), 3 Ohio App.3d 441, 442; Watson at ¶ 21-22;Lima, 2002-Ohio-1919.
 {¶ 11} There is no exact way to make the determination on what someone subjectively understands, but if appellant receives the proper information, then we can ordinarily assume that he understands that information. State v. Carter (1979),60 Ohio St.2d 34, 38; State v. Blair (1998), 128 Ohio App.3d 435,437.
 {¶ 12} The record must demonstrate that appellant has acquired an understanding of the nature of the charges against him, whether from the trial court itself, the prosecutor, or some other source, such that the trial court can determine that appellant understands the charges to which he was pleading guilty. Blair at 438; see Rainey at 442 (although preferred, it is not always necessary that trial court advise the defendant of the elements of the crime or specifically ask if he understands the charge, so long as the totality of the circumstances are such that the trial court is warranted in making the determination that the defendant understands the charge).
 {¶ 13} Appellate courts have found that trial courts substantially complied with their duty to determine that the defendant understands the charge in a wide variety of ways. For example, if the indictment is read into the record, substantial compliance can be shown. See State v. Perry (Aug. 29, 1991), Cuyahoga App. No. 58977; State v. Wilson (Jan. 25, 1999), Fayette App. No. CA98-05-006.
 {¶ 14} If the judge names the offense or offenses and the prosecutor then provides an explanation of the circumstances of the crime, substantial compliance may be shown, even if the court neglects to inquire of the defendant as to his understanding of the charge. See State v. Wilson, citing State v. Lelux (Mar. 4, 1997), Franklin App. No. APA08-1018.
 {¶ 15} We also note that appellant must show a prejudicial effect, when challenging a guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made. Nero at 108. The test is whether the plea would have otherwise been made. Id.
 {¶ 16} In the case at bar, the trial court listed the charges against appellant as it detailed the maximum penalties involved. The trial court also asked the prosecutor to read the facts of the case in open court with appellant and his counsel present.
 {¶ 17} The prosecutor read a statement in which appellant was described as firing a weapon at the victim three times. The first two shots missed the victim and lodged in different locations in appellant's home. The third bullet struck the victim, causing his death.
 {¶ 18} The victim's body allegedly remained on appellant's floor for two days, after which appellant enlisted the assistance of two other men to dispose of the body and other evidence of the crime. The prosecutor described how appellant removed the two bullets that had lodged in the floor and window frame, discarded carpet, and disposed of additional items, including the weapon and clothing. The prosecutor also indicated on the record that appellant used an ax to chop off the victim's head, hands, and feet, that he set the torso section on fire, and disposed of the other body parts at various locations.
 {¶ 19} The prosecutor continued his statement, reading into the record that appellant was charged with "having purposely caused the death" of the victim by shooting him with a .38 caliber revolver on or about December 2003 in Butler County, Ohio, in violation of R.C. 2903.02(A), titled "Murder." Appellant was further charged as "the principal offender of the commission of the murder with having a firearm on or about his person" or under his control while committing the offense and displaying or brandishing a firearm, indicating that he possessed the firearm or using the firearm to facilitate the offense.
 {¶ 20} The prosecutor also stated on the record that appellant was charged with violations of R.C. 2921.12(A)(1), tampering with evidence, and R.C. 2927.01(B), gross abuse of a corpse. The state outlined on the record the specific elements of those two offenses with which appellant was charged.
 {¶ 21} We can find no indication in the record that the trial court specifically asked appellant whether he understood the charges against him. However, appellant received the pertinent information from the trial court's recitation of the charges, along with the state's extensive reporting of the circumstances of the crimes and the elements of the offenses. Based on the information appellant was given, we can assume that he understood the nature of his charges. See State v. Carter,60 Ohio St.2d at 38.
 {¶ 22} Further, appellant acknowledged on the record that he reviewed and signed the plea form that contained the statement that appellant agreed that he was aware of the nature of the charges and possible defenses. The trial court also asked appellant whether he had any questions of the trial court and whether he wanted to step aside with his attorneys to further discuss the case with his counsel. Appellant declined both offers.
 {¶ 23} We find from the totality of the circumstances that appellant was informed of the nature of the charges. The trial court substantially complied with its duty to determine that appellant understood those charges. Appellant's guilty pleas were knowingly, intelligently, and voluntarily made, and therefore, we can find no prejudice to appellant. Appellant's first assignment of error is overruled.
 {¶ 24} Assignment of Error No. 2:
 {¶ 25} "IT WAS ERROR FOR THE COURT TO SENTENCE THE DEFENDANT TO CONSECUTIVE SENTENCES WITHOUT STATING THE REASONS, WHICH SUPPORT ITS FINDINGS."
 {¶ 26} Appellant argues that the trial court made certain statutory findings, but failed to state the reasons to support its findings to impose consecutive sentences. The state concedes that the Ohio Supreme Court's decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, requires this court to reverse appellant's sentence and remand this cause for resentencing.
 {¶ 27} The Foster court found that portions of Ohio's felony sentencing law under R.C. Chapter 2929 were unconstitutional and, as a consequence, those portions of the applicable statutes were severed. Id., paragraphs three and four of syllabus (consecutive sentences). The court in Foster also held that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. Foster,
paragraph seven of syllabus.
 {¶ 28} Accordingly, appellant's second assignment of error will be sustained for the reason that this case is pending on direct review and the unconstitutional sentencing provisions were utilized. See Foster at ¶ 104. This matter is reversed and remanded to the trial court for sentencing only.
Powell, P.J., and Brogan, J., concur.
Brogan, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.