[Cite as *State v. Jones*, 2014-Ohio-4497.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-130825 |
| | | C-130826 |
| Plaintiff-Appellee, | : | |
| | | TRIAL NOS. B-1303988 |
| vs. | : | B-1305104 |
| | | |
| RICO JONES, | : | |
| | | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Court of Common Pleas

Judgments Appealed from are: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: October 10, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Rachel Lipman Curran*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Farrish Law Firm* and *Michaela M. Stagnaro*, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**CUNNINGHAM, Presiding Judge.**

{¶1}  Defendant-appellant Rico Jones appeals from the judgments of the Hamilton County Court of Common Pleas convicting him, upon his guilty pleas, of multiple offenses.  Because the trial court failed to advise Jones of postrelease control during the plea colloquy, we vacate the judgments and remand for further proceedings.

## I.     Background Facts

{¶2}   In the case numbered B-1303988, Jones was indicted on attempted-murder, felonious-assault, having-weapons-under-a-disability, and drug charges. He was tried before a jury on the attempted-murder and felonious-assault charges and was acquitted.  He pled guilty to the remaining offenses.  In the case numbered B-1305104, Jones was indicted on additional drug charges.  He pled guilty to those offenses.  As part of the penalty for all of the offenses to which Jones entered guilty pleas, he was subject to a period of postrelease control of up to three years after his release from prison, if the parole board would determine that it would be necessary, and to sanctions for violating the terms of that postrelease control.  *See* R.C. 2967.28(C).

{¶3}   The trial court held the plea hearing for both cases on October 23, 2013.  During the plea colloquy, the trial court informed Jones of the maximum terms of incarceration and the maximum fines for the offenses and then asked Jones, "Do you understand that those are the maximum penalties that you could get?" Jones responded affirmatively.   The court failed to explain or even mention postrelease control.

{¶4}   The trial court subsequently accepted Jones's guilty pleas and convicted him, in the case numbered B-1303988, of having weapons under a

disability, trafficking in heroin, and trafficking in cocaine, and in the case numbered B-1305104, of possession of heroin and possession of cocaine. The court imposed consecutive prison terms for all of the offenses. Jones now appeals, raising two assignments of error.

## II. Analysis

{¶5} In his first assignment of error, Jones argues that the trial court erred by accepting his guilty pleas where the court failed to determine that he understood the maximum penalties involved, as required by Crim.R. 11(C)(2).

{¶6} The enforcement of a plea that is not made knowingly, intelligently, and voluntarily violates both the United States and Ohio Constitutions. *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996), cited in *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25, and *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 7.

{¶7} To ensure that a defendant's pleas are made knowingly, intelligently, and voluntarily, the trial court must engage the defendant in a colloquy pursuant to Crim.R. 11. *Clark* at ¶ 26. Pursuant to the rule, in felony cases, the court must personally address the defendant and inform him of the constitutional rights he is waiving and of several nonconstitutionally-based matters, including the " 'maximum penalty' " involved. Crim.R. 11(C)(2); *Clark* at ¶ 27; *Sarkozy* at ¶ 8-10.

{¶8} A reviewing court must apply a "multitiered analysis" for evaluating compliance with Crim.R. 11. *Clark* at ¶ 30. The Ohio Supreme Court has summarized this analysis as follows:

> When a trial judge fails to explain the constitutional rights set
> forth in Crim.R. 11(C)(2)(c), the guilty or no-contest plea is invalid
> "under a presumption that it was entered involuntarily and
> unknowingly." However, if the trial judge imperfectly explained

nonconstitutional rights such as the right to be informed of the maximum possible penalty and the effect of the plea, a substantial compliance rule applies. Under this standard, a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that "the defendant subjectively understands the implications of his plea and the rights he is waiving," the plea may be upheld.

When the trial judge does not *substantially* comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court *partially* complied or *failed* to comply with the rule. If the trial judge partially complied, * * * the plea may be vacated only if the defendant demonstrates a prejudicial effect. The test for prejudice is "whether the plea would have otherwise been made." If the trial judge completely failed to comply with the rule * * * the plea must be vacated. "A complete failure to comply with the rule does not implicate an analysis of prejudice."

(Emphasis in original.) (Internal citations omitted.) *Clark* at ¶ 31-32.

{¶9} In this case, the trial court did not mention to Jones during the plea colloquy that postrelease control could be imposed following the expiration of his prison terms and that there were sanctions for violating the terms of postrelease control, although it did inform Jones of the constitutional rights that he was waiving.

{¶10} Jones contends that the trial court completely failed to comply with Crim.R. 11 with respect to postrelease control and, therefore, his pleas must be vacated, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, a case involving mandatory postrelease control. In *Sarkozy*, the trial court failed to mention postrelease control during the plea colloquy, and, as a result, the

Supreme Court determined that the plea was invalid, without requiring a showing of prejudice. *Id.*

{¶11} The state argues that *Sarkozy* is distinguishable for two reasons and, therefore, Jones's pleas cannot be vacated absent an analysis of prejudice. First, the state suggests that *Sarkozy* does not apply to defendants who are subject only to a discretionary term of postrelease control. Second, the state argues that there was some compliance because the trial court informed Jones of "probation" and "parole" during the plea colloquy, and because the plea form that Jones signed mentioned postrelease control. We are not persuaded by the state's argument that these facts implicate an analysis of prejudice that was not warranted in *Sarkozy.*

{¶12} Postrelease control is a "period of supervision by the adult parole authority after a prisoner's release from imprisonment." R.C. 2967.02(N). With the exception of unclassified felonies not relevant here, when a trial court imposes a prison term for a felony offense, postrelease control, mandatory or discretionary, is part of the sentence for that offense. *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 23; *Woods v. Telb*, 89 Ohio St.3d 504, 511, 733 N.E.2d 1103 (2000). And because postrelease control is a sanction imposed in addition to a prison term that extends a defendant's punishment beyond his maximum term of imprisonment, it is part of the maximum penalty for the offense. *See Sarkozy* at ¶ 22.

{¶13} Admittedly, for some offenders postrelease control is mandatory upon their release from prison. R.C. 2967.28(B). Other offenders, such as Jones, will be placed on postrelease control only if the parole board determines, before the offender's release from prison, that a period of postrelease control is necessary, in accordance with R.C. 2967.28(D). R.C. 2967.28(C).

{¶14} But whether mandatory or discretionary, postrelease control is an additional penalty for the offense that the defendant must consider in determining whether to waive his constitutional rights and enter a guilty plea. And R.C. 2943.032 makes no distinction between the two when it provides that the trial court "shall inform the defendant personally" of potential postrelease-control sanctions prior to accepting a guilty plea or a no-contest plea involving "a felony."

{¶15} Thus, we reject the state's argument that *Sarkozy* does not apply to cases involving discretionary postrelease control. *See State v. Holmes*, 5th Dist. Licking No. 09CA70, 2010-Ohio-428, ¶ 10*, citing *State v. Souris*, 9th Dist. Summit C.A. No. 24550, 2009-Ohio-3562, ¶ 7.

{¶16} We are also unpersuaded by the state's argument that the trial court's reference to "probation" and "parole" during the plea colloquy distinguishes this case from *Sarkozy*. The relevant part of the plea colloquy provides as follows:

The Court: * * * Do you understand that if you do not serve your entire sentence that you may be placed on probation or parole?

The Defendant: Yes, I do.

The Court: And no promise of probation has been made at this time; is that correct?

The Defendant: That's correct.

The Court: And that if you are placed on probation or parole and then violate that probation, you could be sent back to serve whatever remains of the sentence that you would have?

The Defendant: I understand.

The Court: And that if you violate your probation or parole by committing another crime or disobeying any rules of the Court, the

6

probation or parole authority could bring you back to court. Do you understand that?

The Defendant: Yes, I do.

The Court: And that any time that you would get on probation or parole violation would have to be served consecutive to. That means in addition to any time you might get on the new offense.

The Defendant: I understand.

{¶17} "Probation" and "parole" are very different from postrelease control, and the trial court's reference to either term was inappropriate in this case. "Probation" as described by the trial court no longer exists in Ohio in the context of felony sentencing. *See State v. King*, 1st Dist. Hamilton No. C-010330, 2002 Ohio App. LEXIS 367, * 6 (Feb. 1, 2002). "Parole" is a form of supervised release that applies to offenders upon release from confinement before the end of a sentence, but not to offenders such as Jones who are sentenced to a stated prison term. *See* R.C. 2967.01(E), and 2967.13(F); *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶ 36. Neither "probation" nor "parole" extends the penalty for the offense. Ultimately, nothing in the trial court's discussion of probation and parole conveyed to Jones that he was subject to the additional sanction of postrelease control.

{¶18} Finally, our analysis is not affected by the court's inclusion of information about postrelease control on the plea form signed by Jones. The court in *Sarkozy* reiterated that Crim.R. 11 required the court to inform the defendant of the maximum penalty, including postrelease control, during the "*plea colloquy.*" *See Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, at ¶ 22. The trial court did not meet that requirement at all in this case, as the court during the plea colloquy did not mention postrelease control.

{¶19} The state advocates that we follow the decision of the Tenth District Court of Appeals in *State v. Williams*, 10th Dist. Franklin No. 10AP-1135, 2011-Ohio-6231, a case in which the trial court did not mention postrelease control during the 2006 plea colloquy but had included information about postrelease control on the plea form. In *Williams*, however, the defendant had acknowledged at the plea hearing that he had reviewed the plea form with his attorney, who had explained the rights that he was waiving and the possible consequences of entering the plea. *Id.* at ¶ 2. Because the *Williams* court was satisfied that the record demonstrated substantial compliance with Crim.R. 11, after considering the trial court's specific exchange with the defendant concerning the plea form, the court distinguished the case from *Sarkozy* and affirmed the denial of Williams's 2010 Crim.R. 32.1 motion challenging the validity of his plea. *Id.* at ¶ 37-39. *Accord State v. Knowles*, 10th Dist. Franklin No. 10AP-119, 2011-Ohio-4477, ¶ 19; *State v. Williams*, 5th Dist. Licking No. 08CA113, 2009-Ohio-3447, ¶ 16 and 26.

{¶20} We do not find *Williams* persuasive. As a preliminary matter, this court would not have reached the merits of the claim in *Williams*, which was not raised in a direct appeal from the judgment of conviction. We would have held that the claim was barred by res judicata, because it did not depend for its resolution upon material outside the record, and thus could have been (but was not) raised on direct appeal, and because the claimed error, if demonstrated, would not have rendered the judgment of conviction void. *See Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus; *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. Moreover, in this case, unlike in *Williams*, the trial court did not ask Jones if he had reviewed the plea form and if his attorney had discussed it with him and had explained the possible

8

consequences of the plea. Ultimately, the court did not inquire into Jones's understanding of the form. For these reasons, we decline to follow *Williams*.

{¶21} Because the trial court did not advise Jones of postrelease control during the plea colloquy, Jones need not make a demonstration of prejudice. *See Sarkozy*, 117 Ohio St. 3d 86, 2008-Ohio-509, 881 N.E. 2d 1224, at ¶ 22.

{¶22} We hold that Jones's guilty pleas must be vacated, because the trial court did not meet the requirements of Crim.R. 11 where the court failed to advise Jones during the plea colloquy that his sentences would include a discretionary term of postrelease control. *See id.* at paragraph two of the syllabus. Accordingly, we sustain the first assignment of error.

{¶23} In his second assignment of error, Jones challenges the sentences imposed by the trial court on the ground that the court did not make the necessary findings to support the sentences as required by R.C. 2929.13(B)(1)(b)(i)-(iv) and R.C. 2929.14(C)(4), and failed to consider the relevant factors set forth in R.C. 2929.11 and 2929.12. But the trial court's failure to advise Jones at the plea hearing of postrelease control mandates that we reverse the trial court's judgment and vacate Jones's guilty pleas. Therefore, we find that this assignment of error is moot, and we do not address it. *See* App.R. 12(A)(1)(c).

### III.    Conclusion

{¶24} Because we have sustained the first assignment of error, we reverse the trial court's judgments, vacate Jones's guilty pleas, and remand this cause for further proceedings consistent with the law and this opinion.

Judgments reversed and cause remanded.

**DINKELACKER** and **FISCHER, JJ.,** concur.

Please note:

9

The court has recorded its own entry on the date of the release of this opinion.