[Cite as *State v. Floyd*, 2017-Ohio-687.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

STATE OF OHIO,                                   :

     Plaintiff-Appellee,                      :

     - vs -                                          :

ROBERT J. FLOYD,                              :

     Defendant-Appellant.              :

CASE NO.  CA2016-09-077

O P I N I O N
2/27/2017

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 16CR32021

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Bryan Scott Hicks, P.O. Box 359, Lebanon, Ohio 45036, for defendant-appellant

**S. POWELL, P.J.**

{¶ 1}  Defendant-appellant, Robert J. Floyd, appeals from his conviction and sentence he received in the Warren County Court of Common Pleas after he pled guilty to possession of heroin.  For the reasons outlined below, we reverse and remand for further proceedings.

{¶ 2}  On June 6, 2016, the Warren County Grand Jury returned an indictment charging Floyd with one count of possession of heroin and one count of aggravated possession of fentanyl, both fifth-degree felonies in violation of R.C. 2925.11(A).  The

charges arose after police discovered Floyd to be in possession of heroin and fentanyl while in Warren County on April 29, 2016.

{¶ 3} On June 24, 2016, Floyd was arraigned, released on bond upon his own recognizance, and placed under the supervision of Warren County Pretrial Services. As part of this supervision, Floyd was ordered to undergo random drug testing. However, after testing positive for drugs, the trial court revoked Floyd's bond and ordered him be held in the Warren County Jail, without bail, pending further order of the trial court.

{¶ 4} On July 11, 2016, Floyd entered into a plea agreement and pled guilty to possession of heroin in exchange for the aggravated possession of fentanyl charge being dismissed. However, prior to accepting Floyd's guilty plea, it is undisputed that the trial court did not notify or even mention to Floyd during the plea colloquy that he would be subject to an optional period of up to three years of postrelease control if he was sentenced to prison. Rather, that information was contained in the change of plea form.

{¶ 5} On August 18, 2016, the trial court held a sentencing hearing. As part of this hearing, Floyd notified the trial court that he had refused to undergo an assessment for inpatient drug treatment at a community-based-correctional facility, instead advocating for his placement on community control so that he could maintain his current employment and prepare for the birth of his daughter. The trial court refused. Thereafter, in an effort to fashion a sentence that would adequately address Floyd's substance abuse issues, the trial court sentenced Floyd to three years of community control subject to a number of rules and conditions. As the trial court stated when explaining these rules and conditions:

> Require him to serve six months in the Warren County jail as a condition of community control and then I'm going to terminate community control at the end of his six months which is how long the [drug] treatment – probably a little longer than the [drug] treatment would have been.

{¶ 6} The trial court also suspended Floyd's driver's license for a period of six months

and ordered him to pay a $125 lab fee. The trial court then denied Floyd's request to credit him with the 61 days of jail time he served after his bond was revoked. There was again no mention of postrelease control.

{¶ 7} On August 22, 2016, the trial court issued its judgment entry of sentence that provided, in pertinent part:

> ☒ **COMMUNITY CONTROL SENTENCE.** The Court finds the Defendant is amenable to an available community control sanction and that prison is not consistent with the purposes and principles of R.C. §2929.11.
>
> It is hereby **ORDERED** that Defendant be sentenced to three (3) years of community control on basic probation. The Defendant shall be monitored by the Warren County Adult Probation Department, is subject to the rules and conditions filed herein and shall receive the following sanction(s):
> ☒ 180 days in the Warren County Jail, without work release.
> ☐ Fine in the amount of $____ ($____ of which is mandatory;
> ☒ License suspension of 6 MONTHS;
> ☐ Community service of ____;
> ☐ Electronically monitored house arrest for a term of ___ days;
> ☐ Restitution in the amount of ($___);
> ☐ Reimbursement in the amount of ($___) to ___;
> ☐ Completion of inpatient treatment program as arranged by probation
> ☒ Other: REIMBURSEMENT FOR LAB FEE TO FRANKLIN PD $125.00; AFTER SERVING 6 MONTHS IN JAIL, DEFENDANT SHALL BE TERMINATED UNSUCCESSFUL FROM COMMUNITY CONTROL.

The trial court's judgment entry of sentence further provided that Floyd would be subject to an optional period of up to three years of postrelease control. Specifically, the trial court's judgment entry of sentence stated Floyd was "also subject to **an optional** period of post-release control with a maximum term of **up to 3** years (felony cases only)." (Emphasis sic.)

{¶ 8} Floyd now appeals from his conviction and sentence, raising four assignments of error for review.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT FAILED TO GIVE POST RELEASE CONTROL WARNINGS BEFORE ACCEPTING A PLEA.

- 3 -

{¶ 11} In his first assignment of error, Floyd argues his guilty plea was not entered knowingly, intelligently, and voluntarily since the trial court failed to personally notify him during its plea colloquy that if he was sentenced to prison he would be subject to an optional period of up to three years of postrelease control. We agree.

{¶ 12} When a defendant enters a guilty plea in a criminal case, the plea must be knowingly, int0elligently, and voluntarily made. *State v. Mosley*, 12th Dist. Warren No. CA2014-12-142, 2015-Ohio-3108, ¶ 6. "Failure on any of those points 'renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.'" *State v. McQueeney*, 148 Ohio App.3d 606, 2002-Ohio-3731, ¶ 18 (12th Dist.), quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). To ensure that a defendant's guilty plea is knowingly, intelligently and voluntarily made, the trial court must engage the defendant in a plea colloquy pursuant to Crim.R. 11(C). *State v. Henson*, 12th Dist. Butler No. CA2013-12-221, 2014-Ohio-3994, ¶ 10.

{¶ 13} As relevant here, pursuant to Crim.R. 11(C)(2), the trial court may not accept a defendant's guilty plea without first addressing the defendant personally and:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

- 4 -

{¶ 14} A guilty plea is invalid if the trial court does not strictly comply with Crim.R. 11(C)(2)(c), which requires the trial court to verify the defendant understands the constitutional rights he is waiving. *State v. Shavers*, 12th Dist. Butler No. CA2014-05-119, 2015-Ohio-1485, ¶ 9. On the other hand, the trial court need only substantially comply with the nonconstitutional notifications required by Crim.R. 11(C)(2)(a) and (b). *Id.* Under the substantial compliance standard, the appellate court must review the totality of the circumstances surrounding the defendant's plea and determine whether the defendant subjectively understood the effects of his plea. *State v. Givens*, 12th Dist. Butler No. CA2014-02-047, 2015-Ohio-361, ¶ 12.

{¶ 15} In this case, Floyd does not dispute that the trial court strictly complied with Crim.R. 11(C)(2)(c), which requires the trial court to verify the defendant understands the constitutional rights that he is waiving. Floyd also does not dispute that he was notified of the nonconstitutional requirements of Crim.R. 11(C)(2)(b). Rather, Floyd argues the trial court completely failed to comply with Crim.R. 11(C)(2)(a) by not notifying him of the maximum penalty he faced during the plea colloquy when it did not personally inform him that if he was sentenced to prison that he would be subject to an optional period of up to three years of postrelease control.

{¶ 16} Pursuant to Crim.R. 11(C)(2)(a), because postrelease control is part of a defendant's potential maximum sentence, postrelease control is a penalty that the trial court must inform a defendant of before accepting the defendant's guilty plea. *State v. Whitesell*, 12th Dist. Butler No. CA2005-04-100, 2006-Ohio-1781, ¶ 11. As further explained by the General Assembly in R.C. 2943.032:

> Prior to accepting a guilty plea or a plea of no contest to an indictment, information, or complaint that charges a felony, the court shall inform the defendant personally that, if the defendant pleads guilty or no contest to the felony so charged or any other felony, if the court imposes a prison term upon the defendant for

0the felony, and if the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term of up to nine months.

{¶ 17} In *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, the Ohio Supreme Court held that "if the trial court fails during the plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the court fails to comply with Crim.R. 11, and the reviewing court must vacate the plea and remand the cause." *Id.* at paragraph two of the syllabus. That rule has since been expanded to include both mandatory and discretionary postrelease control terms. As the First District Court of Appeals stated in *State v. Jones*, 1st Dist. Hamilton Nos. C-130825 and C-130826, 2014-Ohio-4497:

> But whether mandatory or discretionary, postrelease control is an additional penalty for the offense that the defendant must consider in determining whether to waive his constitutional rights and enter a guilty plea. And R.C. 2943.032 makes no distinction between the two when it provides that the trial court "shall inform the defendant personally" of potential postrelease-control sanctions prior to accepting a guilty plea or a no-contest plea involving "a felony."

*0Id.* at ¶ 14; *State v. Souris*, 9th Dist. Summit No. 24550, 2009-Ohio-3562, ¶ 7 ("[e]ven if post-release control is discretionary, a defendant must be informed of the possibility of post-release control before a court may accept his plea").

{¶ 18} As noted above, it is undisputed that the trial court failed to notify or even mention to Floyd during the plea colloquy that he would be subject to an optional period of up to three years of postrelease control if he was sentenced to prison. Thus, in accordance with *Sarkozy* and its progeny, as well as with the provisions found in R.C. 2943.032, we find the trial court completely failed to comply with the nonconstitutional requirements found in Crim.R. 11(C)(2)(a) requiring it to notify the defendant of the maximum penalty that could be imposed prior to the defendant entering a guilty plea during its plea colloquy. "A complete

failure to comply with the rule does not implicate an analysis of prejudice." *Sarkozy* at ¶ 22. "However, because the error here resulted from the court's failure to comply with the Crim.R. 11(C)(2)(a) requirements for accepting a plea, rather than as a result of ignoring a statutory mandate for imposing sentence, the plea was merely voidable and not void." *State v. Gannon*, 4th Dist. Lawrence No. 15CA16, 2016-Ohio-1007, ¶ 17.

{¶ 19} The state argues that *Sarkozy* is distinguishable from the case at bar since the Ohio Supreme Court in that case said nothing about what information, if any, was contained in the change of plea form. The state's argument is similar to that used by the Tenth District Court of Appeals in *State v. Williams*, 10th Dist. Franklin No. 10AP-1135, 2011-Ohio-6231. In that case, which dealt with a post-sentence motion to withdraw guilty plea when the trial court failed to explicitly notify the appellant of postrelease control during the plea colloquy, the Tenth District found *Sarkozy* distinguishable "in that the *Sarkozy* decision does not indicate there were any references to post-release control at all during the plea colloquy, not even a plea form that set forth the applicable post-release control information, as is present in the instant case." *Id.* at ¶ 40. In this case, however, unlike in *Williams*, neither the trial court nor any of the parties made any reference to the change of plea form during the plea colloquy. As a result, we do not find the Tenth District's argument expressed in *Williams* persuasive or applicable to the case at bar.

{¶ 20} This case is similar to that of the First District's decision in *Jones*. In that case, the appellant, Rico Jones, pled guilty to a variety of charges that subjected him to an optional period of up to three years of postrelease control if he was sentenced to prison. *Id.*, 2014-Ohio-4497 at ¶ 2. However, at the plea colloquy, the trial court failed to explain or even mention postrelease control to Jones. *Id.* at ¶ 3. Jones then appealed arguing that his guilty plea was not entered knowingly, intelligently, and voluntarily since the trial court completely failed to notify him or even mention postrelease control at the plea colloquy. *Id.* at ¶ 10.

**{¶ 21}** Relying on the Ohio Supreme Court's decision in *Sarkozy*, the First District agreed and vacated Jones' guilty plea upon finding the trial court completely failed to comply with the nonconstitutional requirements found in Crim.R. 11(C)(2)(a) requiring it to notify Jones of the maximum potential penalty he faced; namely, the possibility that he could be placed on postrelease control for a period of up to three years if he was sentenced to prison. In so holding, the First District rejected the state's claim that Jones' plea was entered knowingly, intelligently, and voluntarily since the change of plea form that Jones signed included information about postrelease control. Specifically, as the First District stated:

> [O]ur analysis is not affected by the court's inclusion of information about postrelease control on the plea form signed by Jones. The court in *Sarkozy* reiterated that Crim.R. 11 required the court to inform the defendant of the maximum penalty, including postrelease control, during the "*plea colloquy*." The trial court did not meet that requirement at all in this case, as the court during the plea colloquy did not mention postrelease control.

(Emphasis sic and internal citation omitted.) *Id.* at ¶ 18.

**{¶ 22}** We agree with the First District's analysis in *Jones* as that holding complies with both R.C. 2943.032 and the Ohio Supreme Court's decision in *Sarkozy*. As a result, although Floyd was not prejudiced by this omission since he was only sentenced to community control, because the trial court completely failed to comply with the nonconstitutional requirements found in Crim.R. 11(C)(2)(a) at the plea colloquy, this "does not implicate an analysis of prejudice." *Sarkozy* at ¶ 22. In reaching this decision, we note that the state cites to several decisions from this court where we indicated a trial court may look to written documentation to support a finding of substantial compliance with the nonconstitutional requirements contained in Crim.R. 11(C)(2)(a) and (b). However, none of those cases dealt with the exact issue raised herein; i.e., the consequences for when a trial court completely fails to notify or even mention postrelease control during its plea colloquy with a defendant entering a guilty

- 8 -

plea to a felony.

{¶ 23} For instance, the state cites to this court's decision in *Whitesell*. However, not only was that decision released prior to the Ohio Supreme Court's decision in *Sarkozy*, unlike in this case, the trial court in *Whitesell* "spoke at length about post-release control, and appellant was clearly aware before he pled guilty that post-release control could be imposed as part of his sentence." *Id.*, 2006-Ohio-1781 at ¶ 23. Our decision in *Whitesell* is therefore clearly distinguishable from the case at bar. The same is true regarding our more recent decision in *State v. Snead*, 12th Dist. Clermont No. CA2014-01-014, 2014-Ohio-2895, which affirmed the trial court's decision dismissing a petition for postconviction relief where the appellant, Robert Snead, alleged he was not properly advised of postrelease control at his sentencing hearing, not the plea colloquy like the case at bar. *Id.* at ¶ 21.

{¶ 24} As this court has stated, "a court may not rely on defense counsel or a written document to supplant its duty to delineate the repercussions of pleading guilty[.]" *State v. Brandenburg*, 12th Dist. Butler No. CA2007-07-155, 2008-Ohio-3593, ¶ 41. That is particularly true here when considering the requirements of R.C. 2943.032 and the Ohio Supreme Court's decision in *Sarkozy*. Therefore, based on the facts and circumstances of this case, because Floyd's guilty plea was not entered knowingly, intelligently, and voluntarily, we sustain Floyd's first assignment of error.

{¶ 25} Assignment of Error No. 2:

{¶ 26} THE TRIAL COURT FAILED TO GIVE POST RELEASE CONTROL WARNINGS AT SENTENCING.

{¶ 27} Assignment of Error No. 3:

{¶ 28} THE TRIAL COURT REFUSED TO GIVE JAIL TIME CREDIT.

{¶ 29} Assignment of Error No. 4:

{¶ 30} THE TRIAL COURT IMPROPERLY TERMINATED COMMUNITY CONTROL AS UNSUCCESSFUL.

{¶ 31} In his second, third, and fourth assignments of error, Floyd makes various arguments regarding the trial court's imposed sentence. In light of our decision regarding Floyd's first assignment of error, the trial court's sentence must be vacated, thereby rendering these matters moot.

{¶ 32} Judgment reversed and remanded for further proceedings.

RINGLAND and PIPER, JJ., concur.