[Cite as *State v. Tipton*, 2021-Ohio-1128.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2020-05-011 |
| Appellee, | : | O P I N I O N<br>4/5/2021 |
| | : | |
| - vs - | : | |
| | : | |
| JASON EDWARD TIPTON, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI20190135

Nicholas A. Adkins, Madison County Prosecuting Attorney, Rachel M. Price, 59 North Main Street, London, Ohio 43140, for appellee

Treynor Law, Shannon M. Treynor, 63 North Main Street, P.O. Box 735, London, Ohio 43140, for appellant

**M. POWELL, J.**

{¶ 1} Appellant, Jason Tipton, appeals his conviction in the Madison County Court of Common Pleas following his guilty plea to disseminating matter harmful to juveniles.

{¶ 2} Appellant was indicted in September 2019 on two counts of disseminating matter harmful to juveniles. The charges stemmed from allegations that appellant made

two children, both under the age of 13, watch pornography while naked.

{¶ 3} On February 21, 2020, appellant pled guilty to one count of disseminating matter harmful to juveniles, a felony of the fourth degree, in exchange for the state dismissing the other felony sex charge. During the plea hearing, the trial court conducted a Crim.R. 11 colloquy and advised appellant that he would "be subject to three years' optional post-release control" upon release from prison. Appellant's guilty plea and jury waiver form likewise indicated he would be subject to an optional three-year period of postrelease control. However, because disseminating matter harmful to juveniles is a felony sex offense, a five-year period of postrelease control is mandatory for such an offense. R.C. 2967.28(A), (B)(1). On March 20, 2020, the trial court sentenced appellant to 18 months in prison and properly advised him he would be subject to a mandatory five-year period of postrelease control. The sentencing judgment entry likewise correctly stated that appellant was subject to a mandatory five-year period of postrelease control.

{¶ 4} Appellant appeals his conviction, raising two assignments of error which will be considered together.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE DEFENDANT'S ENTRY OF PLEA WAS NOT KNOWING, INTELLIGENT OR VOLUNTARY BECAUSE THE PLEA FORM AND RULE 11 COLLOQUY INCORRECTLY IDENTIFIED THE DEFENDANT'S POST-RELEASE CONTROL EXPOSURE AS 'OPTIONAL' INSTEAD OF MANDATORY.

{¶ 7} Assignment of Error No. 2:

{¶ 8} THE TRIAL COURT'S FAILURE TO COMPLY WITH RULE 11 EXCUSES THE DEFENDANT FROM DEMONSTRATING PREJUDICE AS A RESULT OF THE FAULTY PLEA.

{¶ 9} Appellant argues that he did not knowingly, intelligently, or voluntarily enter

his guilty plea because the trial court failed to comply with Crim.R. 11(C)(2)(a) when it misinformed him about postrelease control during the plea colloquy. Appellant asserts that the trial court's postrelease control misstatement is a complete failure to comply with Crim.R. 11(C)(2)(a), and thus, he is not required to show he was prejudiced by the error for his guilty plea to be vacated. In support of his argument, appellant cites *State v. Dangler*, Slip Opinion No. 2020-Ohio-2765.

{¶ 10} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179. Crim.R. 11(C) prescribes the process that a trial court must use before accepting a plea of guilty to a felony. *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, ¶ 11.

{¶ 11} As pertinent here, Crim.R. 11(C)(2)(a) provides that a trial court shall not accept a guilty plea in a felony case without personally addressing the defendant and "[d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."

{¶ 12} Postrelease control is a "period of supervision by the adult parole authority after a prisoner's release from imprisonment," and whether mandatory or discretionary, part of a sentence for a felony offense. R.C. 2967.01(N); *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 23; *Woods v. Telb*, 89 Ohio St.3d 504, 511, 2000-Ohio-171. "Pursuant to Crim.R. 11(C)(2)(a), because postrelease control is part of a defendant's potential maximum sentence, postrelease control is a penalty that the trial court must inform a defendant of before accepting the defendant's guilty plea." *State v. Floyd*, 12th Dist. Warren

No. CA2016-09-077, 2017-Ohio-687, ¶ 16. Thus, "whether mandatory or discretionary, postrelease control is an additional penalty for the offense that the defendant must consider in determining whether to waive his constitutional rights and enter a guilty plea." *State v. Jones*, 1st Dist. Hamilton Nos. C-130825 and C-130826, 2014-Ohio-4497, ¶ 14.

{¶ 13} In *Dangler*, the Ohio Supreme Court addressed a trial court's compliance with Crim.R. 11(C) and how best to review a trial court's plea colloquy to ensure that a defendant's plea is knowingly and voluntarily entered. As a general matter, "a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)," i.e., that "the plea would not have otherwise been made." *Dangler*, 2020-Ohio-2765 at ¶ 16. There are, however, two exceptions to this rule: (1) when the trial court "fails to explain the constitutional rights [set forth in Crim.R. 11(C)(2)(c)] that a defendant waives by pleading guilty or no contest," and (2) "a trial court's *complete* failure to comply with a portion of Crim.R. 11(C)." (Emphasis sic.) *Id.* at ¶ 15. Under either exception, the defendant is not required to show prejudice.

{¶ 14} The supreme court, therefore, set forth the following inquiry for courts to employ in examining a challenge to a plea: "Properly understood, the questions to be answered are simply: (1) has the trial court complied with the relevant provisions of the rule? (2) if the trial court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id.* at ¶ 17; *State v. Tutt*, 12th Dist. Preble No. CA2020-02-002, 2021-Ohio-96, ¶ 15.

{¶ 15} Applying the test set forth in *Dangler* to the situation before us, we find that although the trial court failed to fully comply with Crim.R. 11(C)(2)(a) because it incorrectly advised appellant of the duration and nature of the postrelease control to which he would be subject, the trial court's failure is not the type of failure that excuses appellant from

- 4 -

demonstrating prejudice. As we have previously recognized, "a complete failure to comply with Crim.R. 11(C)(2)(a) involves a trial court's complete omission in advising about a distinct component of the maximum penalty." *State v. Fabian*, 12th Dist. Warren No. CA2019-10-119, 2020-Ohio-3926, ¶ 20 (finding that a trial court's total failure to advise a defendant of postrelease control before it accepted the guilty plea constituted a complete failure to comply with Crim.R. 11[C][2][a]). *See also State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509 (same). "By contrast, a trial court's mention of a component of the maximum penalty during a plea colloquy, albeit incomplete or perhaps inaccurate, does not constitute a complete failure to comply with Crim.R. 11(C)(2)(a)." *Fabian* at ¶ 20; *Tutt* at ¶ 16. Appellant, therefore, is required to show that he was prejudiced by the trial court's postrelease control misstatement and that he would not have entered a guilty plea if he had been properly advised of the duration and mandatory nature of the postrelease control to which he would be subject. *See State v. Brown*, 8th Dist. Cuyahoga No. 109007, 2020-Ohio-4474.

{¶ 16} We find that appellant is unable to establish any prejudice by the trial court's postrelease control misstatement. "Prejudice must be established 'on the face of the record.'" *Dangler*, 2020-Ohio-2765 at ¶ 24, quoting *Hayward v. Summa Health Sys./Akron City Hosp.*, 139 Ohio St.3d 238, 2014-Ohio-1913, ¶ 26. Appellant has not presented any evidence nor made any argument that he would not have entered his plea had the trial court correctly informed him of the duration and mandatory nature of postrelease control during the plea colloquy. Moreover, there is nothing in the record to suggest that appellant would not have entered his guilty plea had he been advised he would be subject to a mandatory five-year period of postrelease control. By agreeing to enter the guilty plea, appellant received the benefit of having a second felony sex charge against him dismissed. Appellant did not raise any objection at sentencing when he was advised he would be subject to a

- 5 -

mandatory five-year period of postrelease control. Without any evidence that the plea would not have otherwise been made, appellant has not established prejudice and he is not entitled to have his guilty plea vacated for a failure to comply with Crim.R. 11(C)(2)(a). *Brown* at ¶ 35.

{¶ 17} Appellant's two assignments of error are overruled.

{¶ 18} Judgment affirmed.

PIPER, P.J. and HENDRICKSON, J., concur.