[Cite as *State v. Broughton*, 2021-Ohio-2987.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-09-011 |
| | : | O P I N I O N |
| - vs - | | 8/30/2021 |
| | : | |
| STEVEN E. BROUGHTON, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. CRI 20-500-054

Andrew T. McCoy, Clinton County Prosecuting Attorney, and Katie Wilkin, Assistant Prosecuting Attorney, for appellee.

Law Office of Angela Glaser, and Angela J. Glaser, for appellant.

**BYRNE, J.**

{¶1}   Appellant, Steven R. Broughton, pleaded guilty to rape.  Broughton now appeals his conviction in the Clinton County Court of Common Pleas, arguing that his guilty plea was not made knowingly, intelligently, and voluntarily because the trial court provided incorrect information during his plea colloquy.  For the reasons articulated below, we disagree.  We therefore overrule Broughton's assignment of error and affirm his conviction.

<u>Indictment, Plea, and Sentence</u>

{¶2}   In March 2020, a Clinton County grand jury indicted Broughton on two counts

of first-degree felony rape, with a specification that the victim was less than ten years of age.

{¶3} In August 2020, as a result of a negotiated plea agreement, Broughton appeared before the court for a plea hearing. At the hearing, the state noted that if Broughton was convicted as charged, he faced a mandatory sentence of life in prison without the possibility of parole. However, in exchange for Broughton's guilty plea to one count of the indictment, the state was offering to dismiss the age specification from that count and dismiss the second count of the indictment entirely. The state noted that the plea, if accepted, would result in Broughton facing an indefinite mandatory term of between 3 and 11 years in prison.

{¶4} Broughton's counsel agreed with the state's characterization of the negotiated plea and furthermore agreed that the plea agreement had been reduced to writing in a signed document entitled, "Guilty Plea," which Broughton's counsel indicated he had discussed and reviewed with Broughton. After having reviewed the guilty plea document, counsel indicated that Broughton still intended to enter his plea, "knowingly, voluntary, and intelligently."

{¶5} The trial court then conducted a plea colloquy. The court advised Broughton that by pleading guilty he was waiving a jury trial and informed him of the attendant constitutional rights, including the right to confront witnesses, the right to subpoena witnesses, the state's burden of proof, and the right not to testify.

{¶6} The court advised Broughton that if he pleaded guilty the court would then choose a mandatory prison term between 3 and 11 years. The court further advised Broughton that he would be pleading to an offense that carried an indefinite sentence, meaning that there is both a minimum and maximum term and that the court would pick the minimum term from the range of penalties, and that the maximum term would automatically

be 50 percent of the minimum term.

{¶7} The court then gave Broughton several examples to better explain the indefinite sentence. The court explained that, hypothetically, if it were to choose six years as the minimum term, then that would be the minimum served by Broughton and if he did not behave himself in prison, he could potentially be incarcerated up to another 50 percent of the minimum term, or three years, for a range of six to nine years. The court again stated, hypothetically, if it chose to impose an eight-year minimum term, the sentencing range would be eight to 12 years in prison. The court further explained that if it chose an 11-year prison term, the potential range would be 11 to 16 and one-half years in prison. The court reiterated that the additional time beyond the minimum term was based upon Broughton's behavior in prison. Broughton stated that he understood the court's explanation.

{¶8} The court additionally advised Broughton, "We'll talk about this at sentencing, but based upon your behavior while you are in prison, you actually can reduce the prison number potentially, but it also could be increased 50 percent more."

{¶9} The court also advised Broughton concerning probation, parole, community control sanctions, postrelease control, and discussed in detail Broughton's obligation to register as a sex offender and his lifetime obligations once registered.

{¶10} Broughton acknowledged all these advisements, agreed that he committed the offense charged, and pleaded guilty to one count of rape. The court accepted the plea and continued the matter for sentencing. At sentencing, the court ordered Broughton to serve a mandatory 10-year prison term. Broughton appeals, raising one assignment of error:

{¶11} THE TRIAL COURT ERRED WHEN IT FAILED TO COMPLY WITH CRIMINAL RULE 11(C)(2) BY INSTRUCTING DEFENDANT THAT HE WOULD BE ELIGIBLE TO REDUCE HIS PRISON TERM.

{¶12} As stated above, the trial court informed Broughton at the plea hearing that "based upon your behavior while you are in prison, you actually can reduce the prison number potentially."[1]  This appears to be a reference to "exceptional conduct" or "good time" credit under R.C. 2967.271(F)(1).  Broughton argues, and the state concedes, that Broughton was not in fact eligible to reduce the number of days in prison based upon exceptional conduct as provided for under R.C. 2967.271(F)(1).  This is because of an exception set forth in R.C. 2967.271(F)(8), which precludes sub-section (F)(1) from applying to an offender who, like Broughton, was ordered to serve a non-life felony indefinite prison term for a sexually oriented offense.

{¶13} Broughton argues that the court's erroneous advisement regarding the potential to receive "exceptional conduct" or "good time" credit rendered his plea less than knowing, intelligent, and voluntary and that the court failed to substantially comply with Crim.R.11(C).  He argues he was prejudiced because he relied on the court's erroneous advisement in deciding to enter his plea.  The state counters that the court's plea colloquy partially complied with Crim.R. 11(C) because the guilty plea document advised Broughton that he *would not* receive good time credit and that Boughton has not shown how he suffered prejudice.

## Compliance with Crim.R. 11(C)

{¶14} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily.  Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996).  "Crim.R. 11(C) prescribes

---

1. Broughton also refers to statements made at sentencing and in the sentencing entry.  However, this Assignment of Error pertains to Crim.R. 11(C)(2), which relates to pleas.  Therefore, what was said at the sentencing hearing or stated in the sentencing entry does not change our analysis.

the process that a trial court must use before accepting a plea of guilty to a felony." *State v. Bishop,* 156 Ohio St.3d 156, 2018-Ohio-5132, ¶ 11. The rule "ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made." *State v. Stone,* 43 Ohio St.2d 163, 168 (1975).

{¶15} As stated above, both Broughton and the state frame the issue here as one of "substantial compliance" with Crim.R. 11(C). However, as we have previously explained, "a recent decision of the Ohio Supreme Court [that is, *State v. Dangler*, 162 Ohio St. 3d 1, 2020-Ohio-2765] reveals that whether a trial court substantially complies with Crim.R. 11(C)(2) is no longer part of the analysis in reviewing a trial court's plea colloquy." *State v. Rogers*, 12th Dist. Butler No. CA2019-11-194, 2020-Ohio-4102, ¶ 15.

{¶16} In *Dangler*, the Ohio Supreme Court addressed a trial court's compliance with Crim.R. 11(C) and the method of reviewing a trial court's plea colloquy to ensure that a defendant's plea is knowingly and voluntarily entered. The court explained that "[a]side from * * * two exceptions * * * a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 16. The test for prejudice is whether the plea would not have otherwise been made. *Id.*

{¶17} The two exceptions in which a demonstration of prejudice is not required are (1) "when a trial court fails to explain the constitutional rights [set forth in Crim.R. 11(C)(2)(c)] that a defendant waives by pleading guilty or no contest," and (2) "a trial court's *complete* failure to comply with a portion of Crim.R. 11(C)." (Emphasis sic.) *Id.* at ¶ 14-15. *Accord State v. Tipton*, 12th Dist. Madison No. CA2020-05-011, 2021-Ohio-1128, ¶ 13; *State v. Tutt*, 12th Dist. Preble No. CA2020-02-002, 2021-Ohio-96, ¶ 14; *State v. Fabian*, 12th Dist. Warren No. CA2019-10-119, 2020-Ohio-3926, ¶ 15.

- 5 -

{¶18} In this case, there is no dispute that the trial court properly explained Broughton's constitutional rights as set forth under Crim.R. 11(C)(2)(c). Thus, the question becomes whether the trial court "completely" failed to comply with Crim.R. 11(C)(2)(a). In *Fabian*, we addressed a complete failure to comply with Crim.R. 11(C)(2)(a):

> The upshot of *Sarkozy* and *Dangler* is that a trial court's total failure to inform a defendant of a distinct component of the maximum penalty during a plea colloquy constitutes a complete failure to comply with Crim.R. 11(C)(2)(a), thereby requiring the vacation of the defendant's guilty or no contest plea. *See Sarkozy*, 2008-Ohio-509. Or stated differently, a complete failure to comply with Crim.R. 11(C)(2)(a) involves a trial court's complete omission in advising about a distinct component of the maximum penalty. By contrast, a trial court's mention of a component of the maximum penalty during a plea colloquy, *albeit incomplete or perhaps inaccurate*, does not constitute a complete failure to comply with Crim.R. 11(C)(2)(a). See *Dangler*, 2020-Ohio-2765.

(Emphasis added.) 2020-Ohio-3926, ¶ 20.

{¶19} In *Tipton*, applying the rule set forth in *Fabian*, we held that a trial court's incorrect advisement concerning the duration of postrelease control did not constitute a complete failure to comply with Crim.R. 11(C)(2)(a). 2021-Ohio-1128, ¶ 15. There, during the plea colloquy, the trial court incorrectly advised the defendant that he would be subject to three years of optional postrelease control. *Id.* at ¶ 3. Because of the offense, however, the defendant was actually subject to five years of mandatory postrelease control. *Id.* We held that this did not constitute a complete failure to comply and that the defendant would have to establish prejudice resulting from the error, which he could not. *Id.* at ¶ 15-16.

{¶20} The record in this case reflects that the trial court accurately advised Broughton of the maximum penalty he could face by pleading guilty. To help explain the sentencing scheme, the court provided Broughton with several examples, and specifically referenced the maximum potential sentencing range of a mandatory 11-year sentence, which was extendable up to 16 and one-half years in prison. Broughton stated he

understood the court's explanation. Accordingly, this was not a case where the court completely failed to comply with Crim.R. 11(C)(2)(a).

{¶21} What occurred here is the scenario suggested in *Fabian* and applied in *Tipton*, that is, the trial court's mention of a component of the maximum penalty that was inaccurate. However, because the court accurately advised Broughton as to the maximum sentence, and only inaccurately stated that there was the potential of earning credit for good behavior, there was no complete failure to comply with Crim.R. 11(C)(2)(a) and Broughton is not excused from demonstrating that the trial court's error prejudiced him. *Fabian*, 2020-Ohio-3926 at ¶ 20; *Dangler*, 2020-Ohio-2765 at ¶ 16.

### Broughton Cannot Demonstrate Prejudice

{¶22} Having concluded that neither exception to demonstrating prejudice applies, we next consider whether Broughton has met his burden of establishing prejudice. Broughton can only prevail by establishing that he would not have pleaded guilty but for the trial court's inaccurate advisement about the applicability of credit under R.C. 2967.271(F)(1). *See Dangler* at ¶ 23. Prejudice must be established on the face of the record. *Id.* at ¶ 24.

{¶23} Broughton points to no evidence in the record that would suggest prejudice. Instead, he merely argues in his appellate brief that he relied on the court's advisement. After a thorough review, there is nothing in the record that we can identify that arguably supports a finding of prejudice. The record, in fact, reflects the opposite.

{¶24} The guilty plea document provides, "I know any prison term stated will be served without good time credit." At the plea hearing, Broughton's counsel indicated that he had discussed and reviewed that document with Broughton prior to the plea hearing and that Broughton still wished to plead guilty. Accordingly, the record supports the conclusion that Broughton intended to plead guilty when he would have understood that he would *not*

receive credit for good behavior in prison. This fact belies Broughton's unsupported claim that he "relied" on the court's erroneous advisement in deciding to plead guilty.

{¶25} Regardless, there is nothing inherently prejudicial in what occurred here. The court never guaranteed that Broughton would receive any credit for good behavior. The court merely stated that based on Broughton's future behavior in prison, he could potentially reduce his prison sentence, but also that it could be increased. Even setting aside that the trial court was incorrect in stating that good time credit may be available, it would be entirely speculative for Broughton to have assumed that he would ever receive credit for good behavior because it would be based on events that were yet to occur and may never occur.

{¶26} Broughton faced spending the remainder of his life in prison for having committed abhorrent sexual offenses against a child. Through a negotiated plea agreement, he was able to reduce his worst-case scenario to serving a minimum of 11 years in prison, up to a potential maximum sentence of 16 and one-half years in prison. He ultimately received a lesser sentence. Broughton was not prejudiced in any manner. We overrule Broughton's sole assignment of error.

{¶27} Judgment affirmed.

PIPER, P.J., and S. POWELL, J., concur.