[Cite as *State v. Gabbard*, 2021-Ohio-3646.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-12-125 |
| | : | O P I N I O N |
| - vs - | | 10/12/2021 |
| | : | |
| SHANE M. GABBARD, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case Nos. CR2019-05-0695; CR2019-05-0725

Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Michele Temmel, for appellant.

**S. POWELL, J.**

{¶ 1} Appellant, Shane M. Gabbard, appeals his conviction in the Butler County Court of Common Pleas after he pled guilty to one count of aggravated possession of drugs.[1] For the reasons outlined below, we affirm in part, reverse in part, and remand for the limited purpose of resentencing.

---

1. Gabbard was also convicted of having weapons while under disability and failing to comply with an order or signal of a police officer. Gabbard, however, has not challenged his conviction for either of those two offenses. This court's review is therefore limited to Gabbard's conviction for aggravated possession of drugs only.

{¶ 2} On May 29, 2019, the Butler County Grand Jury returned a multi-count indictment against Gabbard that included one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a second-degree felony. According to the bill of particulars, this charge arose after Gabbard was found in possession of 19.34 grams of methamphetamine while in Butler County, Ohio on March 28, 2019.

{¶ 3} On September 11, 2019, Gabbard entered a guilty plea to the aggravated possession of drugs offense as charged in the indictment. Prior to accepting Gabbard's guilty plea, the trial court advised Gabbard that the maximum penalty he faced for that offense was a "maximum stated prison term of up to eight years and a maximum fine of up to $15,000." The trial court also advised Gabbard that "[a] prison term with respect to this charge is mandatory" and that Gabbard would be sent to prison for "anywhere from two to eight years; two being the minimum." The trial court further advised Gabbard, in pertinent part, the following:

> As I've already indicated, the Court's required to impose a mandatory sentence on you with respect to the aggravated possession of drugs charge. But there is a wide sentencing range. But if I gave you the maximum sentence, I could give you eight years on that charge.

{¶ 4} Following these advisements, the trial court asked Gabbard if he understood, to which Gabbard responded, "Yes, Your Honor."

{¶ 5} On October 15, 2019, the trial court sentenced Gabbard on the aggravated possession of drugs offense to a mandatory, definite five-year prison term. Prior to issuing its sentencing decision, the trial court stated that the maximum penalty Gabbard faced for that offense was a prison term of "up to eight years" and that "[t]he sentencing range is two to eight years." Gabbard now appeals his conviction, raising two assignments of error for review.

{¶ 6} Assignment of Error No. 1:

{¶ 7} MR. GABBARD'S SENTENCE WAS CONTRARY TO LAW.

{¶ 8} In his first assignment of error, Gabbard argues the trial court erred by sentencing him to a mandatory, definite five-year prison term when the trial court should have instead sentenced him to an indefinite prison sentence pursuant to the then newly enacted Reagan Tokes Law, Ohio's indefinite sentencing structure as set forth in R.C. 2967.271. The state concedes, and we agree, that the trial court erred by sentencing Gabbard to a mandatory, definite five-year prison term when the trial court should have instead sentenced Gabbard to an indefinite prison sentence under the Reagan Tokes Law. Gabbard committed the offense of aggravated possession of drugs on March 28, 2019, six days after the Reagan Tokes Law became effective on March 22, 2019, thereby rendering the offense a qualifying second-degree felony subject to Ohio's indefinite sentencing structure. Therefore, because the trial court erred by sentencing Gabbard to a mandatory, definite term rather than an indefinite prison sentence pursuant to the Reagan Tokes Law, Gabbard's sentence was contrary to law. Accordingly, Gabbard's first assignment of error has merit and is sustained.

{¶ 9} Assignment of Error No. 2:

{¶ 10} MR. GABBARD'S PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE.

{¶ 11} In his second assignment of error, Gabbard argues the trial court erred by finding his guilty plea to aggravated possession of drugs was knowingly, intelligently, and voluntarily entered given the trial court's failure to comply with Crim.R. 11(C)(2)(a) by not properly advising him that the maximum penalty he faced included an indefinite sentence of eight to 12 years in prison in accordance with the Reagan Tokes Law rather than a maximum, mandatory eight-year prison term.

{¶ 12} "'When a defendant enters a plea in a criminal case, the plea must be made

knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.'" *State v. Tipton*, 12th Dist. Madison No. CA2020-05-011, 2021-Ohio-1128, ¶ 10, quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "Crim.R. 11(C) prescribes the process that a trial court must use before accepting a plea of guilty to a felony." *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, ¶ 11. The rule "ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made." *State v. Stone*, 43 Ohio St.2d 163, 168 (1975). This requires the trial court to notify the defendant of the constitutional rights set forth in Crim.R. 11(C)(2)(c). *State v. Oliver*, 12th Dist. Clermont No. CA2020-07-041, 2021-Ohio-2543, ¶ 41. This also requires the trial court to make the required determinations and give the necessary warnings set forth in Crim.R. 11(C)(2)(a) and (b). *Id.*

{¶ 13} Specifically, Crim.R. 11(C)(2) provides that, in felony cases, the trial court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest, without first addressing the defendant personally and doing the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant

- 4 -

cannot be compelled to testify against himself or herself.

{¶ 14} In *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, "the Ohio Supreme Court addressed a trial court's compliance with Crim.R. 11(C) and the method of reviewing a trial court's plea colloquy to ensure that a defendant's plea is knowingly and voluntarily entered." *State v. Broughton*, 12th Dist. Clinton No. CA2020-09-011, 2021-Ohio-2987, ¶ 16. As the Ohio Supreme Court explained, aside from two exceptions, "a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Dangler* at ¶ 16. The first exception occurs "[w]hen a trial court fails to explain the constitutional rights [set forth in Crim.R. 11(C)(2)(c)] that a defendant waives by pleading guilty or no contest[.]" *Id.* at ¶ 14. When this occurs, "we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Id.* The second exception occurs as a result of "a trial court's *complete* failure to comply with a portion of Crim.R. 11(C)[.]" (Emphasis sic.) *Id.* at ¶ 15. This, too, "eliminates the defendant's burden to show prejudice." *Id.* Therefore, as set forth in *Dangler*, the questions to be answered when reviewing a trial court's plea colloquy under Crim.R. 11(C) are threefold:

> (1) has the trial court complied with the relevant provision of the rule? (2) if the trial court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

*Id.* at ¶ 17.

{¶ 15} In this case, the only dispute is whether Gabbard's guilty plea was knowingly, intelligently, and voluntarily entered given the trial court's failure to comply with Crim.R. 11(C)(2)(a) by not properly advising Gabbard that the maximum penalty he faced included an indefinite sentence of eight to 12 years in prison under the Reagan Tokes Law rather than a maximum, mandatory eight-year prison term. "The maximum-penalty advisement is

not a constitutional requirement" set forth in Crim.R. 11(C)(2)(c). *Dangler*, 2020-Ohio-2765 at ¶ 23. Therefore, because this dispute involves the trial court's failure to comply with the maximum penalty portion of Crim.R. 11(C)(2)(a), the question becomes whether the trial court "completely" failed to comply with the maximum penalty portion of that rule when it did not properly advise Gabbard of the maximum penalty he faced, thereby alleviating the need for him to demonstrate prejudice before his guilty plea could be vacated. *See, e.g., Tipton*, 2021-Ohio-2987 at ¶ 15-16 (trial court's failure to properly advise appellant that he was subject to a mandatory term of five years of postrelease control rather than an optional three-year postrelease control term was not a complete failure to comply with Crim.R. 11[C][2][a] that would alleviate the need for appellant to demonstrate prejudice before his plea could be vacated).

{¶ 16} Applying the test set forth in *Dangler* to the case at bar, we find that although the trial court failed to comply with Crim.R. 11(C)(2)(a) when it did not properly advise Gabbard that the maximum penalty he faced included an indefinite sentence of eight to 12 years in prison under the Reagan Tokes Law, the trial court's failure was not the type of failure that would excuse Gabbard from demonstrating prejudice on appeal.

{¶ 17} "A criminal sentence consists of several distinct components, including a prison sentence, a fine, postrelease control, and where applicable, certain criminal statutory registration and notification requirements." *State v. Fabian*, 12th Dist. Warren No. CA2019-10-119, 2020-Ohio-3926, ¶ 20. "[A] trial court's total failure to inform a defendant of a distinct component of the maximum penalty during a plea colloquy constitutes a complete failure to comply with Crim.R. 11(C)(2)(a), thereby requiring the vacation of the defendant's guilty or no contest plea." *Id.* "By contrast, a trial court's mention of a component of the maximum penalty during a plea colloquy, albeit incomplete or perhaps inaccurate, does not constitute a complete failure to comply with Crim.R. 11(C)(2)(a)." *Id.* Therefore, because

the trial court advised Gabbard, although inaccurately, the maximum prison sentence he faced by pleading guilty to aggravated possession of drugs was a maximum, mandatory eight-year prison term, the trial court's failure to comply with Crim.R. 11(C)(2)(a) was not a *complete* failure that alleviated the need for Gabbard to demonstrate prejudice before his guilty plea could be vacated.

{¶ 18} Having concluded that neither of the two exceptions to the prejudice requirement set forth in *Dangler* apply to the case at bar, we next consider whether Gabbard has met his burden requiring him to demonstrate that he was prejudiced by the trial court's failure. *See Broughton*, 2021-Ohio-2987 at ¶ 22. "The test for prejudice is whether the plea would have otherwise been made." *Dangler*, 2020-Ohio-2765, at ¶ 16. "Prejudice must be established 'on the face of the record.'" *Id.* at ¶ 24, quoting *Hayward v. Summa Health Sys./Akron City Hosp.*, 139 Ohio St.3d 238, 2014-Ohio-1913, ¶ 26. Therefore, for Gabbard to demonstrate prejudice, Gabbard must show, based on the face of the record, that he would not have entered a guilty plea to aggravated possession of drugs if he had been properly advised that the maximum penalty he faced included an indefinite sentence of eight to 12 years in prison under the Reagan Tokes Law rather than a maximum, mandatory eight- year prison term.

{¶ 19} In this case, however, Gabbard does nothing more than claim that he was prejudiced by the mere fact that the trial court did not properly advise him of the maximum prison sentence he faced prior to entering his guilty plea. But, if that was all it took to demonstrate prejudice, the prejudice requirement would all but be eliminated to the point where it was essentially nonexistent. *See Dangler* at ¶ 24 (rejecting appellant's claim that appellant demonstrated prejudice based solely on the fact that he was challenging his plea on appeal as that would "be tantamount to eliminating the prejudice requirement altogether"). The prejudice requirement is there for a reason; to effectuate a return to the

"traditional rule" requiring a defendant to establish prejudicial error before the defendant's conviction may be reversed on appeal. *Id.* at ¶ 13. Therefore, without any evidence indicating Gabbard's guilty plea would not have been made but for the trial court failing to properly advise Gabbard of the maximum prison sentence he faced under the Reagan Tokes Law, Gabbard has not demonstrated the prejudice necessary to vacate his guilty plea to aggravated possession of drugs.

{¶ 20} In so holding, we note that just as it did for Gabbard's first assignment of error discussed above, the state also conceded error as it relates to Gabbard's second assignment of error discussed herein. This court, however, is not required to accept an improper concession offered by the state. *See, e.g., State v. Rarden*, 12th Dist. Butler No. CA2018-03-044, 2018-Ohio-4487, ¶ 13 (rejecting the state's concession of error regarding appellant's claim the trial court erred in its imposition of postrelease control and refusing the state's request for this court to remand the issue of postrelease control for a limited resentencing hearing); *State v. Gresham*, 8th Dist. Cuyahoga No. 95240, 2011-Ohio-2519, ¶ 17 (rejecting the state's concession of error regarding appellant's claim the trial court erred by sentencing him to an additional five years in prison after appellant was found guilty of involuntary manslaughter after having discharged a firearm from a motor vehicle). Therefore, despite the state's concession, because we find no merit to any of the arguments raised by Gabbard in support of his second assignment of error, Gabbard's second assignment of error lacks merit and is overruled.

{¶ 21} Judgment affirmed in part, reversed in part, and remanded for the limited purpose of resentencing.

M. POWELL, P.J., and BYRNE, J., concur