[Cite as *State v. Lee*, 2021-Ohio-3918.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C- 210001 |
| | | TRIAL NO. B-2003417 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| APRIL LEE, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Case Remanded

Date of Judgment Entry on Appeal:   November 3, 2021


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Rubenstein & Thurman, LPA,* and *Scott Rubenstein,* for Defendant-Appellant.

**Bock, Judge.**

{¶1}    Defendant-appellant April Lee appeals her conviction for discharging a firearm at or into a habitation, arguing that the trial court failed to ensure that she had entered her plea knowingly, voluntarily, and intelligently when it failed to substantially comply with the plea colloquy requirements under Crim.R. 11(C)(2)(a). For the following reasons, we reverse the trial court's judgment.

## I.    Facts and Procedure

{¶2}    Lee was indicted on one count of discharging a firearm at or into a habitation and one count of felonious assault. Lee withdrew her not-guilty plea and entered a guilty plea on the felonious-assault charge; the state dismissed the discharging-a-firearm charge. The plea entry stated that Lee faced a minimum of two years to a maximum of eight years in prison.

{¶3}    In the Crim.R. 11 plea colloquy, the trial court stated, "[Y]ou understand that it's a felony of the second degree, and it carries 2 to 8 years in prison." The trial court discussed the other terms of Lee's sentence and the consequences of pleading guilty.

{¶4}    The trial court accepted Lee's guilty plea on the felonious-assault charge and again stated that it could sentence Lee "anywhere from two to eight years or put [Lee] on probation."

{¶5}    The trial court's judgment entry sentenced Lee to a minimum of seven years and a maximum of ten years in the Ohio Department of Corrections and ordered her to pay restitution.

## II.    Assignment of Error

{¶6}    Lee argues that the trial court failed to ensure that she had entered her

2

plea knowingly, voluntarily, and intelligently in violation of her due process rights. Lee asserts that the trial court failed to substantially comply with Crim.R. 11(C)(2)(a).

{¶7} Lee committed her offenses after R.C. 2929.144(B)(3) ("Reagan Tokes Act") was effective. As such, the maximum term that Lee faced was 12 years, rather than the eight years stated by the trial court. Lee contends that, because the trial court failed to accurately advise her of the maximum penalty, her guilty plea should be vacated.

{¶8} The state concedes that Lee did not enter the plea knowingly, intelligently, or voluntarily because the trial court failed to properly advise her of the maximum penalty under the Reagan Tokes Act.

A. Law

{¶9} Crim.R. 11(C)(2)(a) requires the trial court to determine whether the defendant is entering the plea voluntarily, with an understanding of the plea's effect, the nature of the charges, and the maximum penalty. The term "maximum penalty" refers to "[t]he heaviest punishment permitted by law." *State v. Fikes*, 1st Dist. Hamilton No. C-200221, 2021-Ohio-2597, ¶ 6, quoting *Black's Law Dictionary* 1314 (10th Ed.2014).

{¶10} In 2018, the Ohio legislature enacted the Reagan Tokes Act, which "significantly altered the sentencing structure for many of Ohio's most serious felonies by implementing an indefinite sentencing system for those non-life felonies of the first and second degree, committed on or after [March 22, 2019]." (Internal quotations omitted.) *Id.* at ¶ 8, quoting *State v. Polley*, 6th Dist. Ottawa No. OT-19-039, 2020-Ohio-3213, ¶ 5, fn. 1. When imposing sentences for first- or second-degree

3

felonies, trial courts must impose an indefinite sentence with a stated minimum term as provided in R.C. 2929.14(A) and a calculated maximum term as provided in R.C. 2929.144.[1] *Id.* at ¶ 8.

### B. The Trial Court Failed to Inform Lee of the Maximum Penalty

**{¶11}** The parties agree that Lee's sentence should have been an indefinite prison term between seven and 12 years. But the trial court neither advised Lee that she would be subject to an indefinite sentence nor explained that it could impose a maximum sentence of 12 years.

**{¶12}** Instead, the court advised Lee of the sentence possible under the former statutory scheme: a definite two-to-eight-year term for pleading guilty to felonious assault. Lee's signed plea agreement reflected the same. But the trial court's judgment entry imposed an indefinite sentence with a minimum term of seven years and a maximum term of ten years.

**{¶13}** By failing to properly inform Lee of the maximum penalty, the trial court completely failed to comply with Crim.R. 11(C)(2)(a). Because the trial court failed to comply with Crim.R. 11(C)(2)(a), Lee's guilty plea was not made knowingly, intelligently, and voluntarily. Lee's sole assignment of error is sustained.

### III. Conclusion

**{¶14}** For the reasons stated above, we reverse the trial court's judgment and remand the case to the trial court with instructions to vacate Lee's guilty plea and for further proceedings consistent with this court's opinion.

---

[1] The constitutionality of the Reagan Tokes Act has been challenged in appeals currently pending before this court. We have stayed those appeals pending a decision by the Supreme Court of Ohio in *State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2020-Ohio-4702, *appeal accepted*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150. Lee did not raise the Reagan Tokes Act's constitutionality in her appeal.

Judgment reversed and case remanded.

**ZAYAS, P.J.,** and **MYERS, J.,** concur.


Please note:

The court has recorded its entry on the date of the release of this opinion