[Cite as *State v. Ratcliff*, 2026-Ohio-1357.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
MORROW COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. 2025 CA 0007 |
| Plaintiff - Appellee | Opinion & Judgment Entry |
| -vs- | Appeal from the Court of Common Pleas of Morrow County, |
| TRAVIS RATCLIFF, | Case No. 2024 CR 0056 |
| Defendant - Appellant | Judgment:  Reversed and Remanded |
| | Date of Judgment:  April 14, 2026 |

BEFORE: Craig R. Baldwin, Robert G. Montgomery, and David M. Gormley, Judges

APPEARANCES: Edwin M. Bibler (Assistant Prosecuting Attorney), Mt. Gilead, Ohio, for Plaintiff-Appellee; William T. Cramer, Columbus, Ohio, for Defendant-Appellant.

*Gormley, J.*

**{¶1}**   Defendant Travis Ratcliff argues in this appeal that his guilty pleas were not made knowingly, intelligently, and voluntarily because the trial court failed to advise him that the prison terms he faced by pleading guilty to two second-degree felonies were indefinite prison terms.  We agree that the penalty-related information provided to Ratcliff at his plea-change hearing was inaccurate, and so we vacate his convictions.

**The Key Facts**

**{¶2}**   In January 2024, Ratcliff operated a vehicle without a valid driver's license while he was under the influence of methamphetamine.  While under the influence, Ratcliff was involved in a car crash that left two other individuals injured, and he was soon charged in a seven-count indictment.  That indictment included two second-degree-felony charges of aggravated vehicular assault under R.C. 2903.08(A)(1)(a) and (B)(1)(a).

**{¶3}** Ratcliff pled guilty to all seven counts in his indictment. During the plea colloquy at the plea-change hearing, the trial judge failed to advise Ratcliff that the prison terms he faced for the two second-degree felonies were indefinite prison terms. Instead, the judge told Ratcliff that those two felonies carried a "possible definite term of two to eight years in prison," and that same inaccurate information appeared in the written plea agreement that Ratcliff signed. In addition, though the judge discussed with Ratcliff at the plea-change hearing the distinction between consecutive and concurrent sentences, the judge never told Ratcliff about the longest period of time that Ratcliff could be ordered to serve in prison in the case and did not tell him about the hearing process through which state prison officials can keep some state prisoners in custody beyond the minimum term set by a judge.

**{¶4}** Although the State called to the trial court's (and Ratcliff's) attention during the plea change that the prison terms on the two second-degree felonies were (under R.C. 2903.08(D)(1)) mandatory prison terms — not merely "possible" ones — no correction was made during the plea change regarding the judge's inaccurate statement that Ratcliff was subject to *definite* (as opposed to indefinite) prison terms on those two aggravated-vehicular-assault charges. Once the court had accepted Ratcliff's plea changes on each of the charges, the judge scheduled a sentencing hearing to be held a few days later.

**{¶5}** Unfortunately, the record before us does not include a transcript of Ratcliff's sentencing hearing because apparently some sort of failure of the courtroom's recording equipment erased (or never created) an official record of courtroom proceedings that day. The journal entry memorializing Ratcliff's sentence, though, indicates that the trial judge realized at the sentencing hearing that he had at the plea-change hearing mistakenly advised Ratcliff that he faced definite prison terms on the second-degree felonies. The

sentencing entry indicates that the trial judge at the sentencing hearing told Ratcliff that he — Ratcliff — would be receiving an indefinite sentence in the case. When, according to the sentencing entry, the judge asked Ratcliff if that caused him any concern, Ratcliff answered "no."

**{¶6}** Next, the trial judge, according to the sentencing entry, proceeded to impose indefinite mandatory prison terms on each of the two second-degree-felony aggravated-vehicular-assault charges, with the minimum length of each of those prison terms being seven years. The judge ordered that those prison terms be served consecutively, and the judge explained why, in his view, consecutive sentences were necessary. The two other felonies to which Ratcliff had entered guilty pleas — two third-degree-felony counts of vehicular assault — were merged by the judge with the second-degree felonies, so Ratcliff received no sentences on those less-serious charges. The remaining three charges alleged misdemeanor offenses, and the judge ordered that the jail terms imposed on those be served by Ratcliff concurrently with the prison terms.

**{¶7}** The aggregate prison term in the case, then, was a mandatory indefinite prison term with a minimum length of 14 years and a maximum length of 17.5 years. Ratcliff now appeals.

### The Trial Court's Failure to Advise Ratcliff About Indefinite Sentencing Was a "Complete Failure" to Comply with Criminal Rule 11(C)(2)(a), So Ratcliff Need Not Show Prejudice from the Error

**{¶8}** Ratcliff argues that the trial court's failure to discuss indefinite sentencing at the plea-change hearing constitutes a "complete failure" by the court in its obligation under Criminal Rule 11(C)(2)(a) to ensure that he understood the maximum penalty he faced as a result of his guilty plea. He is therefore, Ratcliff argues, entitled to have his plea vacated and need not show that he was prejudiced by the court's error.

**{¶9}** A defendant who enters a guilty or no-contest plea in a criminal case must of course do so knowingly, intelligently, and voluntarily. *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). A criminal defendant who seeks the reversal of his or her conviction on appeal must usually establish that an error occurred in the trial-court proceedings and that he or she "was prejudiced by that error." *State v. Dangler*, 2020-Ohio-2765, ¶ 13.

**{¶10}** Under either of two exceptions to that general rule, though, the defendant's burden to show prejudice is eliminated. First, when a trial court has failed to explain the constitutional rights that a defendant waives by pleading guilty or no-contest to one or more felony charges, we presume that the defendant's plea was entered involuntarily and unknowingly, and, in those circumstances, no showing of prejudice is required. *State v. Clark*, 2008-Ohio-3748, ¶ 31. Under the second exception, a defendant in a felony case need not establish prejudice when the trial court has committed a "*complete* failure" in its duty to comply with Criminal Rule 11(C). *Dangler* at ¶ 15 (emphasis in original).

**{¶11}** In the absence of one of those exceptions, however, the traditional rule continues to apply, and the defendant — when arguing that his or her plea change in a felony case was an invalid one — must demonstrate that he or she "was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Dangler* at ¶ 16.

**{¶12}** According to the Supreme Court of Ohio, we must focus on three questions when a defendant alleges that a trial court has failed to comply with Criminal Rule 11: "(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id*. at ¶ 17.

*The Trial Court Did Not Comply with the Maximum-Penalty Requirement in Criminal Rule 11(C)(2)(a)*

**{¶13}** Before accepting a guilty or no-contest plea in a felony case, a trial court must personally address the defendant and must ensure, among other things, that the defendant is — in the words of Criminal Rule 11(C)(2)(a) — "making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved." And the term "maximum penalty" in turn refers to '[t]he heaviest punishment permitted by law.'" *State v. Fikes*, 2021-Ohio-2597, ¶ 6 (1st Dist.), quoting *Black's Law Dictionary* (10th Ed. 2014).

**{¶14}** For crimes committed in Ohio on and after the March 22, 2019 effective date of the Reagan Tokes Act, a trial court, when imposing prison terms for most first-degree-felony and second-degree-felony offenses, must "impose an indefinite sentence with a stated minimum term as provided in R.C. 2929.14(A) and a calculated maximum term as provided in R.C. 2929.144." *State v. Lee*, 2021-Ohio-3918, ¶ 10 (1st Dist.). When a trial court fails to advise a defendant about indefinite sentencing, the question becomes "whether the trial court 'completely' failed to comply with the maximum penalty portion" of Criminal Rule 11(C)(2)(a). *State v. Gabbard*, 2021-Ohio-3646, ¶ 15 (12th Dist.).

**{¶15}** In our case, Ratcliff challenges only the inaccuracy of the information he received at the plea-change hearing regarding the indefinite nature of and the maximum possible length of each of the mandatory indefinite prison terms he faced on the two counts of aggravated vehicular assault, both of which were felonies of the second degree under R.C. 2903.08(A)(1)(a) and (B)(1)(a). The trial judge was required to impose an indefinite prison term as part of the sentence on each of those two charges under R.C. 2929.14(A)(2)(a), with the minimum term ranging from two to eight years on each count,

meaning that the maximum term — if the judge chose eight years as the minimum sentence — would, under R.C. 2929.144(B)(1), be 12 years on each count.

{¶16} Had the trial judge selected eight years as the minimum term on each count and had he ordered that the prison terms be served consecutively, Ratcliff's aggregate prison term for the two second-degree felonies would — in accordance with R.C. 2929.144(B)(2) — have been a mandatory indefinite prison term with a minimum length of 16 years and a maximum length of 20 years. But instead of advising Ratcliff about Ohio's indefinite-sentencing scheme and instead of informing him about that possible 20-year maximum prison term, the trial judge at the plea-change hearing incorrectly told Ratcliff that he faced a "definite term of two to eight years in prison" on each of the aggravated-vehicular-assault charges.

{¶17} To be sure, a trial judge at a plea-change hearing is not required to explain the possible maximum sentence in the case as whole. *See State v. Poage*, 2022-Ohio-467, ¶ 13 (8th Dist.) ("a trial court properly complies with Crim.R. 11(C) by informing the defendant of the maximum sentences faced for each of the individual charged crimes"); *id.* ("While it may be a best practice for a court to inform a defendant of the total of all potential sentences he may receive, it is not a requirement"); *State v. Magby*, 2019-Ohio-877, ¶ 25 (7th Dist.) ("The maximum penalty referred to in Crim.R. 11(C)(2)(a) refers to the sentence for each charge rather than the cumulative total of all sentences for all charges to which the defendant is pleading.").

{¶18} Still, the trial judge here had an obligation to accurately explain the maximum penalty on each of the two second-degree-felony charges, and that obligation should have prompted the judge to explain not only that the judge at sentencing would be choosing, for each of the two charges, a whole number of years from R.C.

2929.14(A)(2)(a)'s two-to-eight-year range, but also that that chosen whole number of years would be designated as the minimum term of an indefinite sentence, with the maximum term calculated in accordance with R.C. 2929.144(B)(1). Again, that maximum sentence for each of the two charges in this case was 12 years rather than the 8 years mentioned by the judge during the plea colloquy.

{¶19} In short, the trial judge, during the plea colloquy, provided inaccurate and incomplete information about the maximum penalty on the two second-degree-felony charges. We therefore conclude, in addressing the first *Dangler* question, that the trial judge in this case did not comply with the maximum-penalty requirement in Criminal Rule 11(C)(2)(a).

### *The Trial Court's Error Is One That Eliminates Ratcliff's Burden of Demonstrating Prejudice*

{¶20} When addressing the second *Dangler* question noted in paragraph 12 above, Ohio appellate courts have reached differing conclusions about whether a trial court's failure at a plea-change hearing to accurately explain indefinite sentencing is the type of "complete failure" that excuses a defendant's burden to establish prejudice. *Compare State v. Tackett*, 2023-Ohio-2298, ¶ 20 (8th Dist.) ("the trial court's failure to inform Tackett that he was subject to an indefinite sentence under the Reagan Tokes Law was a complete failure of Crim.R. 11(C)(2)(a)") and *Lee*, 2021-Ohio-3918, at ¶ 13 (1st Dist.) ("the trial court completely failed to comply with Crim.R. 11(C)(2)(a)" when it failed to advise on indefinite sentencing and instead incorrectly told the defendant that she was subject to a definite term of two to eight years for a second-degree felony) *with Gabbard*, 2021-Ohio-3646, at ¶ 17 (12th Dist.) ("the trial court's failure to comply with Crim.R.

11(C)(2)(a) was not a *complete* failure that alleviated the need for Gabbard to demonstrate prejudice before his guilty plea could be vacated") (emphasis in original).

{¶21} We now embrace the approach followed in the First and Eighth Districts and conclude that a trial court commits what *Dangler* dubbed a "complete" failure to comply with Criminal Rule 11(C) when, in an indefinite-sentencing case, the trial court at a plea-change hearing describes the sentence as a definite sentence and says nothing about the true maximum sentence on each charge.

{¶22} The aim of Criminal Rule 11(C), after all, is to ensure that defendants in felony cases receive and understand the information needed by them to make voluntary and intelligent decisions about whether to plead guilty or no contest. *State v. Ballard*, 66 Ohio St.2d 473, 480-481 (1981). It follows, then, that a trial judge who is conducting a Criminal Rule 11 plea colloquy "must convey accurate information to the defendant so that the defendant can understand the consequences of his or her decision and enter a valid plea." *Clark*, 2008-Ohio-3748, at ¶ 26.

{¶23} The Twelfth District follows a different approach in situations like this. According to that court, "a trial court's mention of a component of the maximum penalty during a plea colloquy . . . does not constitute a complete failure to comply with Crim.R. 11(C)(2)(a)," and that is true, the Twelfth District says, even if the information conveyed by the trial judge is "incomplete or perhaps inaccurate." *Gabbard* at ¶ 17 (quotations omitted).

{¶24} The trial judge in *Gabbard* had, at a plea-change hearing for a second-degree-felony offense committed after the effective date of the Reagan Tokes Act, told the defendant that he faced a "maximum stated prison term of up to eight years." *Id.* at ¶ 3. As we have explained, the trial court in today's case made the same mistake, telling

Ratcliff that he was facing a definite prison term of two to eight years on each of the aggravated-vehicular-assault charges, when in fact Ratcliff faced on each charge an indefinite sentence that could be extended under R.C. 2967.271 to as long as 12 years.

**{¶25}** This was, in our view, a complete failure to comply with Criminal Rule 11(C)(2)(a)'s maximum-penalty requirement, and we think the Twelfth District's contrary approach deviates too far from Criminal Rule 11(C)'s goal of ensuring that felony defendants are meaningfully informed about the consequences of guilty or no-contest pleas. If, as the Twelfth District suggests, no complete failure occurs where the trial judge mentions a maximum prison term — even if the information the judge provides is, as in *Gabbard*, "incomplete or perhaps inaccurate" — is any random number mentioned by the judge sufficient ? Suppose a defendant charged with murder is told during a plea colloquy that the maximum penalty he or she faces is a six-month prison term. That scenario could not, under the Twelfth District's view, be classified as a complete failure because the judge at least discussed a maximum sentence, albeit the wrong one. *See Gabbard* at ¶ 17.

**{¶26}** We disagree with that view, and at least one other appellate court has as well. *See Tackett*, 2023-Ohio-2298, at ¶ 18 (8th Dist.) (declining to hold that "so long as the trial court informs the defendant that he or she is being sentenced to a prison term, definite or indefinite, notwithstanding that inaccuracy of the information, there cannot be a complete failure of Crim.R. 11(C)(2)(a)").

**{¶27}** We know that Ohio's sentencing laws are complicated, and we certainly are not suggesting that every error or omission by a trial court when explaining mandatory or potential penalties during a Criminal Rule 11(C) plea colloquy is necessarily a complete failure to comply with that rule. We emphasize instead the importance of ensuring that a defendant receives accurate and complete information about the maximum amount of

time that he or she must or might spend behind bars when entering a guilty or no-contest plea to a felony charge.

{¶28} In this case, both the parties' written plea agreement and Ratcliff's colloquy with the trial judge conveyed inaccurate information to Ratcliff about the maximum length of the indefinite sentences he faced on the two second-degree-felony charges, and those errors were not corrected before the trial judge accepted Ratcliff's guilty pleas. Because we view this as a complete failure to comply with Criminal Rule 11(C)(2)(a), Ratcliff has no burden here to demonstrate that he was prejudiced by the error.

{¶29} Ratcliff's sole assignment of error is sustained, and we vacate his convictions on all seven charges addressed by the plea agreement. The judgment of the Court of Common Pleas of Morrow County is reversed, and the case is remanded for further proceedings in that court. Any court costs are waived.

By: Gormley, J.;

Baldwin, P.J. and

Montgomery, J. concur.